# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARNEGIE REALTY PARTNERS, LLC, | ) | Case No. 07 B 21626 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |
| | ) | **Hearing Date:** April 27, 2010 |
| | ) | **Hearing Time:** 9:30 a.m. |
| | ) | **Courtroom:** 744 |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that on **April 27, 2010 at 9:30 a.m.,** or as soon thereafter as counsel may be heard, we shall appear before the Honorable Eugene R. Wedoff in Courtroom 744 of the United States Bankruptcy Court for the Northern District of Illinois, 219 South Dearborn Street, Chicago, Illinois, or whomever may be sitting in his place and stead, and then and there present the **Trustee's Motion to Approve Settlement with Fifth Third Bank**, a copy of which is attached hereto and hereby served upon you.

                                              Respectfully submitted,

                                              BARRY A. CHATZ, not individually but as
                                              Chapter 7 Trustee of the bankruptcy estate of
                                              CARNEGIE REALTY PARTNERS, LLC

                         By:      */s/ Reed A. Heiligman*
                                          One of his attorneys

Joseph D. Frank (IL # 6216085)
Reed A. Heiligman (IL # 6294312)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois  60654
Telephone:    (312) 276-1400
Facsimile:     (312) 276-0035

Dated:  April 5, 2010

{ CHATZ / 004 / 00020711.DOC /}

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| CARNEGIE REALTY PARTNERS, LLC, | ) | Case No. 07 B 21626 |
| | ) | |
| Debtor. | ) | Honorable Eugene R. Wedoff |
| | ) | |

**TRUSTEE'S MOTION TO APPROVE
SETTLEMENT WITH FIFTH THIRD BANK**

Barry A. Chatz, (the "Trustee"), not individually but as Chapter 7 Trustee of the bankruptcy estate of Carnegie Realty Partners, LLC (the "Debtor"), by his attorneys, respectfully requests that this Court enter an order, pursuant to Federal Rule of Bankruptcy Procedure 9019(a), approving the Trustee's settlement and compromise with Fifth Third Bank ("Fifth Third"), as set forth below. In support thereof, the Trustee states as follows:

1. On November 16, 2007 (the "Petition Date"), the Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code in the U.S. Bankruptcy Court for the Northern District of Illinois, Eastern Division (the "Bankruptcy Court").

2. A review of the Debtor's records by the Trustee revealed that Fifth Third held Depository Account No. 9020760741 (the "Depository Account"), which account was titled to the Debtor.

3. As of the Petition Date, the Depository Account contained approximately $205,491.61.

4. On or about March 10, 2006, the Debtor executed a Pledge Agreement granting Fifth Third a first priority security interest in the Depository Account (the "Transfer").

5. On June 15, 2009, the Trustee filed an adversary complaint against Fifth Third seeking to avoid and recover the Transfer, pursuant to 11 U.S.C. § 548(A)(1)(b), commencing

the case captioned *Barry A. Chatz, not individually but as chapter 7 trustee of the bankruptcy estate of Carnegie Realty Partners, LLC v. Fifth Third Bank*, Adversary Proceeding No. 09-00479 (the "Adversary").

6. The Trustee and Fifth Third have elected to enter into a settlement, the terms of which are incorporated into the Settlement Agreement and Release attached hereto as **Exhibit A** (the "Settlement Agreement").

7. Pursuant to the Settlement Agreement, Fifth Third has agreed to release $25,000.00 from the Depository Account to the Trustee (the "Settlement Amount") in exchange for a release of all claims and causes of action set forth in the Adversary. Fifth Third is entitled to retain the balance of the Depository Account after the Settlement Amount is paid and the Settlement Agreement is approved.

## RELIEF REQUESTED

8. The Trustee seeks the entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure, approving the compromise of the Trustee's disputes with Fifth Third as set forth herein and in the Settlement Agreement.

## BASIS FOR THE RELIEF REQUESTED

9. Bankruptcy Rule 9019(a) authorizes this Court to approve the Settlement Agreement if doing so would be in the best interests of the Debtor's estate, stating in relevant part that "on motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement."

10. Compromises are favored in bankruptcy as they serve to expedite the administration of the case and reduce administrative costs. *See, e.g., Fogel v. Zell*, 221 F.3d 955, 960 (7th Cir. 2000); *In re Martin*, 91 F.3d 389, 393 (3rd Cir. 1996) ("To minimize litigation and

expedite the administration of a bankruptcy case, '[c]ompromises are favored in bankruptcy.'") (quoting 9 *Collier on Bankruptcy*, at 9019.03[1] (15th Ed. 1993)).

11. The Court should approve the Settlement Agreement if doing so is in the best interests of the Debtor's estate. *See In re Andreuccetti*, 975 F.2d 413, 421 (7th Cir. 1992); *In re Energy Co-op., Inc.*, 886 F.2d 921, 927 (7th Cir. 1989); *In re American Reserve Corp.*, 841 F.2d 159, 161 (7th Cir. 1987); *In re Griffin Trading Company*, 270 B.R. 883, 903 (Bankr. N.D. Ill. 2001), *aff'd*, 270 B.R. 905 (N.D. Ill. 2001); *In re Commercial Loan Corp.*, 316 B.R. 690, 697 (Bankr. N.D. Ill. 2004).

12. In determining whether a settlement is in the best interests of the estate, the Court must compare the terms of settlement with the probability of success, the litigation's complexity, and the litigation's attendant expense, inconvenience and delay (including the possibility that disapproving the settlement will cause wasting of assets). *See American Reserve Corp.*, 841 F.2d at 161; *In re Resource Technology Corp.*, 2005 WL 43262, at * 2 (N.D. Ill. Jan. 10, 2005).

13. Although any given settlement may not provide the ideal allocation of funds from the perspective of any given litigant, the Court may "give weight to the trustee's informed judgment in considering an agreement and need not decide the numerous questions of law and fact raised by the parties." *Id.* at * 3 (internal citation omitted).

14. It is well established that a trustee's business judgment should be approved unless the proposed settlement falls beneath the lowest range of reasonable litigation outcomes. *See Energy Co-op.*, 886 F.2d at 929; *In re Artra Group, Inc.*, 300 B.R. 699, 702 (Bankr. N.D. Ill. 2003); *In re Telesphere Communications, Inc.*, 229 B.R. 173, 181 (Bankr. N.D. Ill. 1999).

15. The Trustee submits that, in his business judgment, the proposed settlement with Fifth Third is fair and equitable and in the best interests of the Debtor's estate.

16. In determining to enter into the Settlement Agreement, the Trustee considered, among other things, (a) the value and possible outcomes of the litigation against Fifth Third, (b) the funds available in the Debtor's estate, and (c) the cost of continued litigation.

17. The proposed settlement is particularly advantageous in light of the ongoing cost of litigation relative to the amount at issue. In the absence of the proposed settlement, the Trustee likely would exhaust estate funds before the litigation could be brought to a successful conclusion. *See, e.g., In re Resource Technology Corp.*, 2005 WL 43262, * 3 (N.D. Ill. Jan. 10, 2005) (settlement approved, in part, in consideration of limited funds available for further litigation).

## **NOTICE**

18. At least twenty (20) days written notice of this Motion has been served on the Debtor, Fifth Third, the Debtor's scheduled creditors, all parties who have requested notice of all pleadings filed in the Bankruptcy Case, and the Office of the United States Trustee. The Trustee believes that notice of this Motion is sufficient and requests that further notice of the Motion be waived.

WHEREFORE, Barry A. Chatz, not individually but as Chapter 7 Trustee of the bankruptcy estate of Carnegie Realty Partners, LLC, respectfully requests the entry of an order, pursuant to Rule 9019(a) of the Federal Rules of Bankruptcy Procedure:

(i) Granting the Motion;

(ii) Authorizing the Trustee to enter into the Settlement Agreement;

(iii) Approving the Settlement Agreement and the terms set forth therein;

(iv) Authorizing the Trustee to abandon the balance of the Depository Account after the Settlement Amount is paid and the Settlement Agreement is approved;

(v) Granting Fifth Third relief from the automatic stay with respect to the Depository Account

(vi) Approving the notice provided in connection with this Motion; and

(vii) Granting such other and further relief as is just.

Dated: April 5, 2010            Respectfully submitted,

                                          BARRY A. CHATZ, not individually but as
                                        Chapter 7 Trustee for the bankruptcy estate of
                                        CARNEGIE REALTY PARTNERS, LLC


                                        By:   */s/ Reed A. Heiligman*
                                               One of his attorneys

Joseph D. Frank (IL # 6216085)
Reed A. Heiligman (IL # 6294312)
FRANK/GECKER LLP
325 North LaSalle Street, Suite 625
Chicago, Illinois 60654
Telephone: (312) 276-1400
Facsimile: (312) 276-0035

**CERTIFICATE OF SERVICE**

      I, Reed A. Heiligman, an attorney, hereby certify that on **April 5, 2010**, a true and correct copy of the foregoing **Trustee's Motion to Approve Settlement and Compromise with Fifth Third Bank** was filed electronically.  Notice of the filing will be sent to all parties who are currently on the Court's Electronic Mail Notice List by operation of the Court's Electronic Filing System.  In addition, copies will be served upon the parties on the attached Service List via first-class United States mail, postage prepaid.

                        */s/ Reed A. Heiligman*

# Mailing Information for Case 07-21626

## Electronic Mail Notice List

The following is the list of **parties** who are currently on the list to receive e-mail notices for this case.

- Barry A. Chatz, not individually but as Chapter 7 Trustee of Carnegie Realty Partners, LLC    , bchatz@ecf.epiqsystems.com;jbmedziak@arnstein.com;blsutton@arnstein.com
- Kurt M Carlson    kcarlson@muchshelist.com, dmyer@muchshelist.com
- Barry A Chatz    bachatz@arnstein.com, bchatz@ecf.epiqsystems.com;jbmedziak@arnstein.com;blsutton@arnstein.com
- Teresa M Dickinson    tdickinson@statmanharris.com
- Joseph D Frank    jfrank@fgllp.com, ccarpenter@fgllp.com;knewman@menterlaw.com;jkleinman@fgllp.com
- Scott C. Frost    sfrost@howardandhoward.com, drizzuto@howardandhoward.com
- Reed A Heiligman    rheiligman@fgllp.com, ccarpenter@fgllp.com
- William T Neary    USTPRegion11.ES.ECF@usdoj.gov
- Norman B Newman    nnewman@muchshelist.com
- Gregory K Stern    gstern1@flash.net, steve_horvath@ilnb.uscourts.gov

{ CHATZ / 004 / 00020785.DOC /}

# SERVICE LIST

*In re Carnegie Partners, LLC*
**Case No. 07 B 21626**

| | |
|---|---|
| Daniel S. Rubin<br>STATMAN, HARRIS & EYRICH, LLC<br>200 West Madison<br>Suite 3820<br>Chicago, IL  60606 | William B. Fecher<br>STATMAN, HARRIS & EYRICH, LLC<br>3700 Carew Tower<br>441 Vine Street<br>Cincinnati, OH  45202 |
| Louis Bernstein<br>THE BERNSTEIN LAW FIRM, LLC<br>215 West Ontario Street<br>Suite 300<br>Chicago, IL  60654-3961 | CARNEGIE REALTY PARTNERS, LLC<br>318 West Adams<br>18th Floor<br>Chicago, IL  60606-5111 |
| BRIGHT ELECTRICAL SUPPLY<br>217 North Western Avenue<br>Chicago, IL  60612-2223 | CBRE TS<br>P.O. Box 4903<br>Trenton, NJ  08650-4903 |
| CARD LLC<br>c/o John Thomas<br>318 West Adams<br>18th Floor<br>Chicago, IL  60606-5111 | John Thomas<br>318 West Adams<br>18th Floor<br>Chicago, IL  60606-5111 |

| | |
|---|---|
| MORGAN STREET PROPERTIES<br>John Thomas<br>318 West Adams<br>18th Floor<br>Chicago, IL  60606-5111 | STERLING PHOENIX DEV. VI<br>John Thomas<br>318 West Adams<br>18th Floor<br>Chicago, IL  60606-5111 |
| CHEM TREAT, INC.<br>4461 Cox Road<br>Geln Allen, VA | CHEM-AQUA<br>23261 Network Place<br>Chicago, IL  60673-1232 |
| CINTAS<br>P.O. Box 5<br>Bedford Park, IL  60499-0005 | COPYCAT DOCUMENT SOLUTIONS<br>200 SE First Street<br>Suite 101<br>Fort Lauderdale, FL  33301-1875 |
| DUKE ENERGY<br>P.O. Box 9001076<br>Louisville, KY  40290-1076 | DUKE ENERGY/OHIO<br>Mary Taylor<br>DUKE ENERGY<br>P.O. Box 960 EF 367<br>Cincinnati, OH  45273-0001 |
| FEDEX CUSTOMER INFORMATION SERVICE<br>Attn:  Revenue Recovery/Bankruptcy<br>2005 Corporate Avenue<br>Second Floor<br>Memphis, TN  38132-1702 | FLORIDA POWER AND LIGHT<br>P.O. Box 025576<br>Miami, FL  33102-5576 |

FORT DEARBORN LIFE INSURANCE
P.O. Box 025576
Miami, FL 33102-5576

KONE, INC.
Attn: Brian Stell
One Kone Court
Moline, IL 61625-1380

KONE, INC.
36788 Eagle Way
Chicago, IL 60678-0001

LEVENFELD PEARLSTEIN
P.O. Box 429
Moline, IL 61266-0429

NORTH AMERICAN
Two North LaSalle Street
Suite 1300
Chicago, IL 60602-3709

NU-ART SIGNS
2110 Claire Court
Glenview, IL 60025-7634

OCEAN BLUE LEAN HOLD PROPERTY LLC
200 S.E. 1st Street
Suite 504
Miami, FL 33131-1906

ROTO-ROOTER
1212 16th Street
Miami Beach, FL 33139

ROTO-ROOTER
400 Greenlane Avenue
Columbus, OH 43223-2611

STRATEGIC ENERGY
Two Gateway Center
10th Floor
Pittsburgh, PA 15222

| | |
|---|---|
| T-MOBILE<br>5672 Collections Center Drive<br>Chicago, IL  60693-0056 | WORLY PLUMBING SUPPLY<br>P.O. Box 752596<br>Cincinnati, OH  45274-2596 |
| Christina M. Riepel<br>53 West Jackson Boulevard<br>Suite 1442<br>Chicago, IL  60604-3536 | James E. Hausler<br>53 West Jackson Boulevard<br>Suite 1442<br>Chicago, IL  60604-3536 |
| FIFTH THIRD BANK<br>38 Fountain Square Plaza<br>Cincinnati, OH  45263 | Nancy L. Kourland<br>ROSEN & ASSOCIATES, P.C.<br>747 Third Avenue<br>New York, NY  10017 |

{ CHATZ / 004 / 00020785.DOC /}   iv